PARK PLACE PONTIAC-CADILLAC-GMC, INC., A NEBRASKA
CORPORATION, APPELLANT, V. NEBRASKA MOTOR VEHICLE
INDUSTRY LICENSING BOARD ET AL., APPELLEES.
440 N.W.2d 445

Filed May 26, 1989.   No. 87-615.

Robert T. Grimit, of Baylor, Evnen, Curtiss, Grimit & Witt, and Hyman Polsky for appellant.

John R. Doyle, of Doyle & Doyle Law Office, for appellee Motor Vehicle Industry Licensing Board.

BOSLAUGH, CAPORALE, and GRANT, JJ., and SPRAGUE and MULLEN, D. JJ.

SPRAGUE, D.J.

From January 21 through April 4, 1986, Park Place Pontiac-Cadillac-GMC, Inc. (Park Place), of Lincoln, Nebraska, rented approximately 40 motor vehicles to ABC Circle Films. These vehicles were used in the filming of the miniseries "Amerika." Title to the vehicles remained in, and the vehicles bore dealer plates of, Park Place, in violation of Neb. Rev. Stat. §§ 60-320 and 60-1411.02(13) (Reissue 1988). Park Place paid the necessary taxes and fees and registered the vehicles as required after some 3 months of improper use.

A hearing was held before the Nebraska Motor Vehicle Industry Licensing Board (board) and the motor vehicle dealer's license of Park Place was suspended for a period of 72 hours. The district court for Lancaster County affirmed the action of the board.

The assignments of error relate to (1) the failure of the board to make specific findings of undue negligence or willfulness, (2)

the lack of competent evidence, and (3) the excessiveness of the penalty imposed.

The statutes governing the board require the board to

> state in writing, officially signed by the chairperson or vice-chairperson and the executive director, its findings and determination after such hearing and its order in the matter. . . . If the board shall determine that the license holder has willfully or through undue negligence been guilty of any violation of Chapter 60, article 14, or any rule or regulation adopted and promulgated by the board under authority of Chapter 60, article 14, his or her license may be suspended . . . .

Neb. Rev. Stat. § 60-1415 (Reissue 1988). The board made written findings but did not specifically determine that the appellant acted willfully or through undue negligence.

The Supreme Court's review of an administrative agency's decision under the Administrative Procedure Act is de novo on the record. The court makes independent findings of fact without reference to those made by the agency whose action is being reviewed. *Department of Health v. Grand Island Health Care*, 223 Neb. 587, 391 N.W.2d 582 (1986). The court imposes an independent conclusion of law based on the independent findings of fact. Therefore, the failure of the board to make a specific determination of undue negligence or willfulness is not fatal if the record would support such a determination.

After reviewing the record de novo, we find that the actions of Park Place were unduly negligent.

The suspension of 3 days is well within the range of options that the board may impose and is not excessive. The judgment of the district court should be affirmed.

AFFIRMED.